## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In the Matter of the Arbitration Between:

NON-DIETARY EXPOSURE TASK FORCE
1900 K Street NW
Washington, DC 20006,

      Petitioner,

v.

TAGROS CHEMICALS INDIA, LTD.
Jhaver Centre, Rajah Annamalai Building, 4th
Floor
72 Marshalls Road
Egmore, Chennai
600 008, India,

      Respondent.

Civil Action No.:

## PETITION TO CONFIRM
## ARBITRATION AWARD AND TO ENTER JUDGMENT

Pursuant to Section 3(c)(1)(F) of the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), 7 U.S.C. § 136a(c)(1)(F), and the Convention on Recognition and Enforcement of Arbitral Awards[1] ("New York Convention"), as implemented in Chapter 2 of the Federal Arbitration Act, codified at 9 U.S.C. § 201, *et seq*, Petitioner Non-Dietary Exposure Task Force ("NDETF," "Task Force," or "Petitioner") moves for confirmation of the Award of the Arbitrator against Respondent Tagros Chemicals India, Ltd. ("Tagros" or "Respondent"), and entry of judgment upon the Award in the amount of $166,666.67, plus interest at the rate of six (6) percent per annum from October 23, 2014 until final payment and reimbursement of costs in the amount of $2,524.00.

---

[1] December 29, 1970, 21 U.S.T. 25157, T.I.A.S. No. 6997, 390 U.N.T.S. 38 (1970).

In support of this motion, Petitioner states the following:

1.      On September 23, 2014, Brian C. Parker, an arbitrator appointed by the American Arbitration Association ("AAA"), issued an Award of the Arbitrator ("Award") in an arbitration styled as *In the Matter of the Arbitration Between the Non-Dietary Exposure Task Force and Tagros Chemcials India, Ltd.,* AAA Docket No. 16 20 1300 0337.  Documents relevant to this Petition are authenticated by and attached as exhibits to the accompanying Declaration of Peter Gray, dated January 27, 2015 (the "Gray Declaration").

2.      The Award required Tagros to pay NDETF an award of $166,667.00, plus interest and late-payment interest accruing from October 23, 2014 until final payment.  Tagros has stated that it has no intention of paying the award.  To enforce the terms of the Award, NDETF moves for confirmation of the Award and entry of judgment thereon.

3.      A copy of an authenticated and certified copy of the Award is attached to the Gray Declaration as **Exhibit A**.

<u>Parties</u>

4.      Petitioner is Non-Dietary Exposure Task Force, a joint undertaking among member companies organized under the laws of the District of Columbia and is located at 1900 K St. NW, Washington, D.C. 20006.  NDETF developed a database to quantify residential exposure associated with use of pyrethroid pesticides, such as Deltamethrin.  The purpose of NDETF's data generation effort was to provide EPA with actual data on indoor exposure resulting from the residential use of these active ingredients, which would enable the agency to base its assessment of the cumulative risk associated with these pesticides on actual data as opposed to exaggerated default assumptions.

5.      Tagros Chemicals India, Ltd. is a company in India with its principal place of business located at Jhaver Centre, Rajah Annamalai Building, 4th Floor, 72 Marshalls Road, Egmore, Chennai, 600 008, India.

<u>Jurisdiction and Venue</u>

6.      This Court has subject matter jurisdiction pursuant to two statutory bases: first, 7 U.S.C. § 136a(c)(1)(F)(iii); and second, 9 U.S.C. § 203.

7.      This Court has subject matter jurisdiction pursuant to 7 U.S.C. § 136a(c)(1)(F)(iii) because the arbitration proceeding in this matter was conducted pursuant to Section 3(c)(1)(F) of FIFRA.  *Cheninova A/S v. Griffin LLC*, 182 F. Supp. 2d 68 (D.D.C. 2002).

8.      This Court also has subject matter jurisdiction pursuant to Section 203 of the Federal Arbitration Act, which provides jurisdiction to enforce an arbitration award governed by the New York Convention stating:

> An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States.  The district courts of the United States (including the courts enumerated in section 460 of title 28) shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy.

9 U.S.C. § 203.

9.      The Award is governed by the New York Convention because: (i) the award arose from a commercial legal relationship between the parties; (ii) there was an agreement in writing to arbitrate any dispute(s) arising from that relationship; and (iii) at least one of the parties is not an American citizen.  *See* 9 U.S.C. § 202.

10.      This Court has personal jurisdiction over Tagros because Tagros has consented to jurisdiction in this Court for an action to confirm and enforce the Award, *see* FIFRA Arbitration

Rule 37(c), 29 C.F.R. Part 1440, App. and 9 U.S.C. § 9, and also because this action arises out of business Tagros transacted in the District of Columbia.

11.     Venue is proper in this district pursuant to 9 U.S.C. § 9 because the Award was made in the District of Columbia.

Facts

12.     The dispute between the parties arose when Tagros relied on data submitted to the United States Environmental Protection Agency ("EPA") by the NDETF in order to obtain a registration authorizing Tagros to sell pesticide products containing the active ingredient deltamethrin.  Exhibit A at 1.  Under FIFRA, the NDTEF is entitled to compensation for Tagros's reliance on the NDETF's data to obtain deltamethrin registrations.  7 U.S.C. § 136a(c)(1)(F)(iii).  If the parties are unable to agree on the amount and terms of compensation, the parties are required to engage in binding arbitration under the auspices of the Federal Mediation and Conciliation Service ("FMCS").  *Id.*  The FMCS delegated the appointment of arbitrators and the administration of FIFRA data compensation arbitration proceedings to the AAA.  *See* 29 C.F.R. § 1440.1(b)

13.     Tagros is not a member of the NDETF.  In 2009, Tagros applied to EPA for registration of deltamethrin.  To support that registration, Tagros relied on data submitted by other companies, rather than generating its own data.  Pursuant to EPA regulations, Tagros utilized the cite-all method to obtain its deltamethrin registration.  Under the cite-all method of registration an applicant utilizes all data in EPA files that are pertinent to the registration requirements for the pesticide in question.  *See* 40 C.F.R. § 152.86 (the "cite-all regulation").  As required under the cite-all regulation, Tagros tendered a written offer to pay compensation to all parties that had submitted data to EPA relating to deltamethrin, including the NDETF.

4

Specifically, by letter dated September 25, 2009, Tagros offered to pay NDETF compensation for citation of its database, thus confirming Tagros's consent to arbitration under FIFRA and judicial confirmation of the Award issued by the Arbitrators. A copy of that letter is attached as **Exhibit B** to the Gray Declaration. On September 29, 2010, EPA issued a technical deltamethrin registration (EPA Reg. No. 73801-1) to Tagros.

14. Following receipt of Tagros's offer to pay compensation, the NDETF contacted Tagros to see if it could reach agreement with Tagros on the amount of compensation owed for citation of the NDETF database. The parties could not reach agreement. Consequently, NDETF commenced an arbitration proceeding against Tagros, in accordance with FIFRA § 3(c)(1)(F)(iii). A copy of the arbitration demand letter is attached as **Exhibit C** to the Gray Declaration.

15. Arbitration proceedings under Section 3(c)(1)(F) of FIFRA were conducted between the NDETF and Tagros in accordance with the FIFRA Arbitration Rules of the AAA set forth in the Appendix to 29 C.F.R. Part 1440. FIFRA Arbitration Rule 37(c) states that "Parties to these Rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any Federal or State Court having jurisdiction thereof." 29 C.F.R. Part 1440, App. Tagros participated fully in all phases of the arbitration and were represented by counsel located in Washington, D.C. A copy of Section 3(c)(1)(F) of FIFRA is attached as **Exhibit D** to the Gray Declaration. A copy of the FIFRA Arbitration Rules is attached as **Exhibit E** to the Gray Declaration.

16. Pursuant to the FIFRA Arbitration Rules, Brian C. Parker, Esq. was selected by the parties and appointed by the AAA to conduct the arbitration. In accordance with the parties joint request, Washington, D.C. was designated as the situs for the arbitration. A copy of the

Case Management Order entered by the Arbitrator upon joint motion of the parties and reflecting Washington, D.C. as the situs of the arbitration is attached as **Exhibit F** to the Gray Declaration.

17.     During the pendency of the arbitration, the parties reached an agreement on the principal terms of a settlement, which were memorialized in a letter drafted by the Task Force and countersigned by Tagros.  Exhibit A at 2.  Under the settlement, Tagros would pay the Task Force a total of Five Hundred Thousand Dollars ($500,000) in three equal annual installments beginning April 1, 2014.  *Id*.  The settlement was conditioned upon the execution of a formal settlement agreement, which would be entered as a final consent judgment in this arbitration.  *Id*.

18.     To reach agreement on a formal settlement agreement, the parties had to exchange multiple drafts.  Exhibit A at 2.  By April 4, 2014, all of the issues had been addressed.  *Id*.  The Task Force sent a final settlement agreement to Tagros and requested that the document be signed and returned to the Task Force.  *Id*.  Tagros, however, refused to sign the settlement agreement.  *Id*.

19.     After Tagros reneged on its promise to execute the settlement agreement, the Task Force filed a motion to enforce settlement agreement.  Exhibit A at 3.  On September 23, 2014, the Arbitrator issued an Award of the Arbitrator granting in part the Task Force's Motion and ordered Tagros to pay $166,666.67, the first third of the $500,000 compensation due under the parties' settlement.  *Id*. at 5-6.  The AAA served a copy of the Award on each of the parties by email.  The Arbitrator required full payment of the Award by October 23, 2014 and assessed interest on the unpaid amount at the rate of six percent (6%) per annum, calculated from October 23, 2014 until the amount is paid.  *Id*. at 6.

20.     In addition, the Award also requires Tagros to reimburse NDETF $2,425.00 representing that portion of AAA administrative fees and expenses and arbitrator compensation

and expenses borne by NDETF in excess of the equally apportioned costs previously incurred by NDETF.  Exhibit A at 6.

21.     Tagros has not paid, and furthermore has made clear that it does not intend to pay the amount awarded.

22.     The Award was made in the District of Columbia on September 23, 2014 in accordance with Section 3(c)(1)(F) of FIFRA, the EPA implementing regulations, and the AAA procedural rules. The Award is in all respects proper.  No application has been made to the Arbitrators or a court to correct or vacate the Award within the time allowed for such an application.  *See* FIFRA Arbitration Rule 33(d), 29 C.F.R. Part 1440, App. § 33(d) (requiring that any motion to modify an arbitrator's decision be brought within thirty days of service of the award); *see also* D.C. Code §§ 16-1423, 16-1424 (establishing a 90-day statute of limitations to modify or vacate an arbitration award).

23.     By participating in the mandatory licensing and data compensation scheme required under FIFRA and the applicable regulations and procedural rules, Tagros and the NDETF have agreed to confirmation of the Award and entry of judgment thereon in accordance with FIFRA Arbitration Rule 37(c), 29 C.F.R. Part 1440, App., and the Federal Arbitration Act, 9 U.S.C. §§ 1-16.

24.     The Award is governed by the New York Convention because NDETF is a citizen of and the Award was made in the United States, a contracting party to the New York Convention; Tagros is a company in India, also a contracting party; and the Award satisfies the requirements of Section 202 of the Federal Arbitration Act.  *See* 9 U.S.C. § 202.

25.     The Federal Arbitration Act provides that the "court *shall* confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention."  9 U.S.C. § 207 (emphasis added).

26.     None of the grounds available for refusal or deferral of recognition and enforcement of an award specified in the New York Convention apply to the Award.

27.     Therefore, the Award should be confirmed pursuant to 9 U.S.C. § 207 and judgment in the United States should be entered for the monetary relief awarded by the Arbitrator.

28.     Tagros has substantial property located outside the District of Columbia and insufficient property in this District for satisfaction of the judgment on the Award.  Gray Decl., ¶¶ 9-10.  Accordingly, good cause exists pursuant to 28 U.S.C. § 1963 for the court to authorize registration of this Court's judgment for the purpose of execution in other United States District Courts prior to expiration of the time for appeal of the judgment.  *Johns v. Rozet,* 143 F.R.D. 11, 12-13 (D.D.C. 1992) (granting motion for leave to register judgment in another district); *AT&T Corp. v. Public Service Enterprises of Pennsylvania, Inc.,* 1999 WL 672543, *6 (S.D.N.Y. 1999) (simultaneously granting motion to confirm arbitration award and request to register judgment based on showing in affidavit).  This does not affect or diminish Respondent's right to post a supersedeas bond if it believes an appeal is warranted.

29.     Pursuant to FIFRA Arbitration Rule 16(b), Tagros "consented that any papers, notices or process necessary or proper for the initiation or continuation of an arbitration under these Rules and for any court action in connection therewith or for the entry of judgment on any award made thereunder may be served upon such party by mail addressed to such party or his attorney at his last known address."

**WHEREFORE**, NDETF respectfully requests that the Court:

(i)      confirm the Award;

(ii)     enter judgment in conformity with the Award in favor of NDETF and against Respondent in the amount of $166,666.67 with interest at the rate of six percent (6%) per annum, calculated from October 23, 2014, plus reimbursement of $2,425.00;

(iii)    authorize registration of the judgment in other United States District Courts prior to expiration of the time for appeal of the judgment; and

(iv)    provide such other and further relief that this Court deems just and proper.

Respectfully submitted,

By:     /s/ John W. Lomas, Jr.
Peter L. Gray, D.C. Bar No. 450891
Lora A. Brzezynski, D.C. Bar No. 444261
John W. Lomas, Jr., D.C. Bar. No. 976555
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 496-7707
Facsimile: (202) 496-7756
pgray@mckennalong.com
lbrzezynski@mckennalong.com
jlomas@mckennalong.com

*Attorneys for Non-Dietary Exposure Task Force*

Dated: January 27, 2015