UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NON-DIETARY EXPOSURE TASK
FORCE,

    Petitioner,

    v.

TAGROS CHEMICALS INDIA, LTD.,

    Respondent.

Civil Action No. 15-132 (JDB)

## MEMORANDUM OPINION

Petitioner Non-Dietary Exposure Task Force brought this action to confirm an arbitration award it obtained against respondent Tagros Chemicals India. Now that Tagros has failed to respond within the required time, the Task Force moves for entry of default judgment and permission to register that judgment in other United States district courts. For the reasons below, the Court will grant the Task Force's motion in its entirety.

## BACKGROUND

Tagros Chemicals is an Indian corporation that applied to register a pesticide ingredient with the Environmental Protection Agency pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA), 7 U.S.C. § 136 et seq. See Pet. to Confirm Arbitration Award [ECF No. 1] at 3, 4. "To support that registration, Tagros relied on data submitted by other companies," including that submitted by the Task Force. Id. As required by law, see 7 U.S.C. § 136a(c)(1)(F)(iii), "Tagros tendered a written offer to pay compensation" to the Task Force for the use of its data. Pet. at 4. But the parties failed to reach an agreement regarding the proper

1

amount of compensation, so—as also mandated by statute—the Task Force commenced an arbitration proceeding to settle the dispute. Id. at 5.

During an arbitration held here in the District of Columbia, id., "the parties reached an agreement on the principal terms of a settlement," whereby Tagros would pay the Task Force $500,000 in three equal installments, id. at 6. Over the next month and a half, the parties negotiated the final settlement agreement. Id. When it finally came time to sign, however, Tagros refused. Id. The Task Force moved for the arbitrator to enforce the settlement agreement and, after considering briefs from both parties, the arbitrator awarded it $166,666.67 (the amount of the first installment payment under the settlement), 6% annual interest calculated from October 23, 2014 until final payment, and $2,425 in fees and expenses. Ex. A to Pet. [ECF No. 1-2] at 5, 7–8. Four months later, the Task Force filed a petition in this Court seeking confirmation of the arbitration award. And after Tagros failed to respond, see Clerk's Entry of Default [ECF No. 8] at 1, the Task Force filed this motion seeking a default judgment and permission to register that judgment in other United States district courts. See Pet'r's. Mot. for Default J. [ECF No. 9].

## LEGAL STANDARD

Federal Rule of Civil Procedure 55(a) provides that the clerk of court must enter a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." After a default has been entered by the clerk of court, a court may enter a default judgment pursuant to Rule 55(b). "The determination of whether default judgment is appropriate is committed to the discretion of the trial court." Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC, 531 F. Supp. 2d 56, 57 (D.D.C. 2008). Upon entry of default by the clerk, the "defaulting defendant is deemed to admit every well-pleaded allegation in the complaint." Int'l Painters & Allied Trades Indus.

Pension Fund v. R.W. Amrine Drywall Co., 239 F. Supp. 2d 26, 30 (D.D.C. 2002) (internal citation omitted). Although these allegations may be sufficient to establish the defendant's liability, "the court is required to make an independent determination of the sum to be awarded unless the amount of damages is certain." Id.

## DISCUSSION

The Court will grant the Task Force's motion for default judgment and confirm its arbitration award in full. As an initial matter, the Court is satisfied that it has jurisdiction over this case and the parties to it. FIFRA explicitly channels disputes about the compensation due to original-data submitters into "binding arbitration." 7 U.S.C. § 136a(c)(1)(F)(iii). "If the parties settle their dispute during the course of the arbitration, the arbitrator . . . may set forth the terms of the agreed settlement in an award." 29 C.F.R. § 1440, app. § 34. FIFRA "confers jurisdiction on the judiciary to enforce [such] arbitration awards" in federal court. Cheminova A/S v. Griffin, LLC, 182 F. Supp. 2d 68, 73 (D.D.C. 2002); see also Spray Drift Task Force v. Burlington Bio-Med. Corp., 429 F. Supp. 2d 49, 50 (D.D.C. 2006) (confirming a FIFRA arbitration award under the Federal Arbitration Act, 9 U.S.C. § 9).

Moreover, Tagros's conduct in this matter has generated extensive contact with the District of Columbia and implies its consent to the Court's personal jurisdiction. When parties participate in a FIFRA arbitration, they also "consent[] that . . . the arbitration award may be entered in any Federal or State Court having jurisdiction thereof." 29 C.F.R. § 1440, app. § 37(c). But perhaps more importantly—per the "parties['] joint request," Pet. at 5—that arbitration took place here in the District of Columbia. And consent to arbitrate in the District can be construed as consent to suit in the District. See Nat'l R.R. Passenger Corp. v. Boston & Maine Corp., 1987 WL 16842, at *1 (D.D.C. Sept. 1, 1987); see also PaineWebber, Inc. v. Chase Manhattan Private Bank (Switz.), 260 F.3d 453, 461 (5th Cir. 2001) ("[A] party who expressly agrees to arbitrate in one state has

impliedly consented to the jurisdiction of the courts in that state . . . ."). Taking all this into account, the Court is convinced it may reasonably exercise jurisdiction over Tagros here.

Once the allegations of the Task Force's petition are accepted as true, see Int'l Painters, 239 F. Supp. 2d at 30, the Court sees no reason to deny its motion for default judgment. The petition sufficiently alleges that the Task Force obtained its award through the arbitration of its FIFRA compensation dispute. See Pet. at 7. And FIFRA provides that no "court of the United States shall have power or jurisdiction to review [the] findings and determination [of a FIFRA arbitrator], except for fraud, misrepresentation, or other misconduct by one of the parties." 7 U.S.C. § 136a(c)(1)(F)(iii). Because no such allegations are before the Court, the arbitrator's award is—and must be—confirmed in full.

That leaves the Task Force's motion for permission to register its default judgment in other United States district courts. When, as here, the time for appealing the judgment has not yet expired, the Court may grant permission to enter the judgment in "any . . . district court . . . for good cause shown." 28 U.S.C. § 1963. Good cause "can be established by an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum." Cheminova A/S, 182 F. Supp. 2d at 80 (internal quotation marks omitted). Ordinarily, permission to register a judgment in another court "should be deferred until after a judgment debtor refuses or fails to post a supersedeas bond." Chevron Corp. v. Republic of Ecuador, 987 F. Supp. 2d 82, 85 (D.D.C. 2013) (internal quotation marks omitted). But in cases where defendant "has offered no assurances that it will pay the [a]ward" or where "it is unlikely that the opportunity to post a bond will arise," a court may elect to grant that permission more promptly. Spray Drift Task Force, 429 F. Supp. 2d at 51.

This is such a case. By a declaration attached to the Task Force's petition, its counsel submits that he has "been unable to locate any assets of Tagros in the District of Columbia," but believes "Tagros has . . . substantial assets in Texas, New Jersey, and North Carolina." Gray Decl. [ECF No. 1-1] at 3. That is enough to establish good cause to register the judgment elsewhere, see Spray Drift Task Force, 429 F. Supp. 2d at 51 (allowing for registration of a judgment while relying on a declaration), and the Court will allow the Task Force to do so immediately. Tagros has provided no assurance that it intends to pay the arbitration award; in fact, it appears to have done exactly the opposite. See Pet. at 7 ("Tagros has not paid, and furthermore has made clear that it does not intend to pay the amount awarded."). As a result, the Task Force's motion for permission to register its judgment in other district courts will also be granted.

## CONCLUSION

For the foregoing reasons, the Court will grant the Task Force's motion for default judgment, confirm its award in full, and grant it permission to register its judgment in other United States district courts.

A separate order will issue on this date.

/s/
JOHN D. BATES
United States District Judge

Dated: June 19, 2015